IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| RAJU CHAVAN, | * |
| Plaintiff, | * |
| v. | * Civil Action No. AW-09-1473 |
| IBM CORPORATION, | * |
| Defendant. | * |

**MEMORANDUM OPINION**

Plaintiff Raju Chavan ("Chavan") brings this action against Defendant IBM Corporation ("IBM"), claiming, *inter alia*, a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"). Pending before the Court is Defendant's Motion for Judgment on the Pleadings[1]; Defendant seeks a dismissal with prejudice of Plaintiff's national origin discrimination claim for failure to state a claim upon which relief can be granted. The Court has reviewed the entire record, as well as the pleadings and exhibits, and finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2008). For the reasons set forth below, the Court GRANTS Defendant's Motion for Judgment on the Pleadings with leave to amend.

**I.    FACTUAL & PROCEDURAL BACKGROUND**

Plaintiff Chavan, an Indian American, alleges in his Complaint that he was employed with IBM in its Bethesda, Maryland office. According to Plaintiff, IBM offered him a job on May 17, 2007, as Chief Architect for the Unified Financial Management System ("UFMS") program at the Department of Justice ("DOJ"), which Plaintiff accepted. Plaintiff alleges that he was terminated

1

from his contract with DOJ on October 19, 2007, and worked with IBM recruiters to find another program. Plaintiff contends that IBM later offered him a position with the Center of Medicare & Medicaid Services ("CMS") in the Healthcare Integrated General Ledger Accounting System ("HIGLAS") program, with a start date of February 28, 2008. In Defendant's Answer, IBM denied Plaintiff's claim that he was employed with IBM in 2007 or that it had promised him a position with CMS.

But according to Plaintiff, IBM informed him on February 25, 2008, after he had accepted the job offer, that it was rescinding the offer due to a bad reference IBM received from a DOJ on-site IBM program manager. Plaintiff contends that when he contacted Barbara King, a HIGLAS employee, to inquire about IBM's reasons for rescinding its offer, King told him that IBM had informed HIGLAS personnel that Plaintiff had been in the country for only three years and would have difficulty obtaining site clearance to work, and that IBM wanted to hire another individual for the position. Plaintiff states that at the time, he was a United States citizen with DOJ clearance who had worked in the Washington, D.C. area for more than twenty years.

Plaintiff filed a Complaint on June 5, 2009, for the following causes of action: breach of contract (Count I); promissory estoppel (Count II); intentional misrepresentation (Count III); negligent misrepresentation (Count IV); and discrimination based on national origin in violation of Title VII (Count V). IBM moved for Judgment on the Pleadings as to Count V on January 12, 2010. After being granted an extension of time, Plaintiff filed his response in opposition to the motion for Judgment on the Pleadings on April 9, 2010, which IBM replied to on April 26, 2010.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(h)(2) provides that the defense of failure to state a claim

---

[1] The Court notes that Defendant has styled the motion as one for Judgment on the Pleadings, though he only seeks

2

upon which relief can be granted as set forth in Rule 12(b)(6) may be raised by motion for judgment on the pleadings. *Burbach Broad. Co. v. Elkins Radio Corp.*, 278 F.3d 401, 405 (4th Cir. 2002). The Fourth Circuit applies the same standard in deciding Rule 12(c) motions as for motions made pursuant to Rule 12(b)(6). *Id.* at 405-06 (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)).

The purpose of a motion to dismiss is to test the sufficiency of the plaintiff's complaint. *See Edwards*, 178 F.3d at 243. Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In two recent cases, the United States Supreme Court clarified the standard applicable to Rule 12(b)(6) motions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Those cases make clear that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3. That showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In addressing a motion to dismiss, a court should first review a complaint to determine which pleadings are entitled to the assumption of truth. *See Iqbal*, 129 S. Ct. at 1949-50. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1954. In its determination, the court must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870,

---

judgment on Count V. Thus, the Court will treat Defendant's motion as one for Partial Judgment on the Pleadings.

873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). In sum, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted).

## III. ANALYSIS

### A. Title VII Standard

Plaintiff maintains that he suffered an adverse employment action motivated by discrimination based on his national origin. Before a plaintiff may bring a cause of action for Title VII discrimination, he must exhaust his administrative remedies by timely filing a charge with the EEOC. *See Laber v. Harvey,* 438 F.3d 404, 415 (4th Cir. 2006); *Belton v. City of Charlotte*, 175 Fed. App'x 641, 652 (4th Cir. 2006) (quoting 42 U.S.C. § 2000e-5(e)(1)) (noting that Title VII requires an aggrieved party to file a complaint with the EEOC within 180 days after the alleged unlawful employment practice occurred). Plaintiff timely filed a charge with the EEOC, which issued him a right to sue letter on March 6, 2009. (Doc. No. 1, Ex. A.)

In order to make out a prima facie case of disparate treatment under Title VII, the plaintiff must show that: (1) he is a member of a protected class; (2) he has satisfactory job performance; (3) he was subjected to adverse employment action; and (4) similarly situated employees outside of his protected class received more favorable treatment.[2] *See Holland v. Wash. Homes, Inc.*, 487 F.3d

---

[2] It is unclear from the Complaint whether Plaintiff is claiming adverse discrimination or discriminatory hiring under Title VII, but the overall analysis remains the same regardless of the particular standard that the Court uses. To set forth a prima facie case of hiring discrimination, the plaintiff must show: "(i) that he belongs to a [protected class]; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicantions from persons of complainant's qualifications." *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

4

208, 214 (4th Cir. 2007). While a plaintiff does not need to plead a prima facie case of discrimination in order to withstand a motion to dismiss, "[t]he elements of a prima facie discrimination claim are nonetheless relevant to the determination of whether a complaint provides a defendant with fair notice and contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Chacko v. Worldwide Flight Servs., Inc.*, No. 08-CV-2363 (NGG)(JO), 2010 WL 424025, at *3 (E.D.N.Y. Feb. 3, 2010) (quoting *Twombly*, 550 U.S. at 557).

### B. Plaintiff's Allegations

Applying these legal principles to Plaintiff's discrimination claims under Title VII, this Court finds that Plaintiff has failed to state a plausible claim for relief in his Complaint, which contains numerous conclusory allegations of discrimination based on national origin. In *Kidd v. TA Operating, L.L.C.*, No. 3:10-CV69-HEH, 2010 WL 1039825, at *3 (E.D. Va. Mar. 18, 2010), the court dismissed the plaintiff's Title VII employment discrimination claim because the plaintiff did not plead facts to support his contention that he was a member of a protected class, that he performed his job satisfactorily, or that similarly situated employees outside his class received more favorable treatment.

Similarly, Plaintiff states that he is an Indian American, was offered and accepted a position with IBM, which IBM later rescinded, and that "[o]ther similarly situated employees and potential recruits not of Plaintiff's national origin were not subject to the same discriminatory treatment." (Compl. ¶¶ 44-47.) However, Plaintiff needs to set forth more facts that provide support for his adverse employment claim in order to "nudge" his claims of purposeful discrimination "across the line from conceivable to plausible." *Iqbal*, 129 S. Ct. at 1952 (quoting *Twombly*, 550 U.S. at 570). Plaintiff has sufficiently pled that he is a member of a protected class as an Indian American. Moreover, his allegation that IBM rescinded his job offer factually supports his contention that he

5

was subject to an adverse employment action. But, Plaintiff has provided no factual support that he performed his job satisfactorily or that he was qualified for the position in question. Also, his conclusory allegation that similarly situated employees not of Indian origin were not treated the same way is bereft of any facts or specifics to set forth a cognizable claim. Therefore, this Court finds that Plaintiff has failed to sufficiently plead a claim for Title VII discrimination.

The Court notes that Plaintiff does aver that IBM informed HIGLAS personnel that it believed Plaintiff had only been in the United States for three years and that he would have difficulty obtaining site clearance to work, which, according to Plaintiff, is the basis for his claim that his national origin was a motivating factor in IBM's rescission of its job offer. (Compl. ¶¶ 17-18, 48-50.) At any rate, the Court believes that Plaintiff should be given leave to amend his Complaint in accordance with the Court's instructions. Fed. R. Civ. P. 15(a) (advising the court that leave to amend should be freely given when justice so requires).

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the Defendant's Motion for Judgment on the Pleadings with leave to amend. A separate Order shall follow.

   June 30, 2010               /s/            
      Date                                          Alexander Williams, Jr.  
                                                  United States District Judge