**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | |
|---|---|
| RAJU CHAVAN<br><br>                Plaintiff,<br><br>v.<br><br>IBM CORPORATION,<br><br>                Defendant. | Action No. AW-09-1473 |

## MEMORADUM OPINION

Pending before the Court is Defendant IBM Corporation's ("IBM" or Defendant) Second Motion to Dismiss. (Doc. No. 25). The Court has reviewed the motion and all supporting documents and finds no hearing is necessary. See Local Rule 105.6 (D. Md. 2010). For the reasons articulated below, Defendant's Motion is **GRANTED**.

### FACTUAL & PROCEDURAL BACKGROUND

The facts in this case are the same as those enumerated in the Court's Memorandum Opinion entered on June 30, 2010. (Doc. No. 18). In that Opinion, the Court held that Plaintiff's original Complaint did not plead facts sufficient to state a cognizable claim for Title VII discrimination. Specifically, Plaintiff failed to factually support that he performed his job satisfactorily and that similarly situated employees not of Indian origin were not treated the same way. (Doc. No. 18 at 5-6). The Court granted Plaintiff leave to amend his Complaint. In his Second Amended Complaint, Plaintiff alleges that he "was told that he had been terminated due to funding issues with the program and had not been admonished or terminated for bad performance; as such, Mr. Chavan performed his job satisfactorily." (Doc. No. 24, at ¶ 9).

1

Furthermore, Plaintiff avers that "IBM extended another offer to Chavan, confirmed in writing on February 3, 2008, to work with the Center of Medicare & Medicaid Services ("CMS"), in the Healthcare Integrated General Ledger Accounting System ("HIGLAS")." (Doc. No. 24 at ¶ 11). As a result of his offer with CMS, Plaintiff alleges that was "qualified for this position and was not deemed or construed to have performed poorly at his prior IBM position at DOJ." *Id* Additionally, Plaintiff avers that he "never received any warning, either verbally or in writing, from IBM or DOJ, regarding regarding deficiencies in his work performance at DOJ." (Doc. No. 24 at ¶ 15). Finally, Plaintiff adds to his complaint that he would have had no problems getting clearance to work for HIGLAS because he was a United States citizen with DOJ clearance and had worked in the Washington D.C. metro area for over 20 years. (Doc. No. 24 at ¶ 20).

IBM has filed a second Motion to Dismiss Plaintiff's claim for national origin discrimination.

I.  **STANDARD OF REVIEW**

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b) (6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In two recent cases, the United States Supreme Court clarified the standard applicable to Rule 12(b) (6) motions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Those cases make clear that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3 (2007). That showing must consist of at least "enough facts to

state a claim to relief that is plausible on its face." *Id.* at 570.

In its determination, the Court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). In addressing a motion to dismiss, a court should first review a complaint to determine what pleadings are entitled to the assumption of truth. *See Iqbal*, 129 S. Ct. at 1949-50. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949. Indeed, "the Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context." *Id.* at 1954. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

## II. ANALYSIS

Plaintiff's Amended Complaint does not plead sufficient facts to sustain a claim for discrimination under Title VII. For Plaintiff to be successful under a disparate treatment claim under Title VII, he most plead facts that: "(1) he is a member of a protected class; (2) he has satisfactory job performance; (3) he was subjected to adverse employment action; and (4) similarly situated employees outside his class received more favorable treatment." *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 214 (4th Cir.2007). Plaintiff's original Complaint lacked sufficient facts with regard to his job performance and it lacked facts that similarly

situated employees outside his class received more favorable treatment. Plaintiff was given leave to amend his Complaint. Plaintiff amended his Complaint adding facts and inferences to support his claim. However, Plaintiff has still failed to allege sufficient facts to state a cognizable claim.

Even if Plaintiff is correct in that he has satisfied his pleading burden to demonstrate that he has satisfactorily performed his job because he never received a negative job report and that IBM offered him this position with HIGLAS, Plaintiff has failed to assert any facts that "similarly situated employees outside his class received more favorable treatment." *Id*. Therefore, Plaintiff's has failed to plead sufficient facts to support its cause of action under Title VII. As such, Count V of Plaintiff's Complaint must be **DISMISSED**.

Having dismissed the federal cause of action from this case, the court declines to exercise jurisdiction over the pendent state law claims pursuant to 28 U.S.C. §1367. Therefore, the Court will also **DISMISS** the remaining state law claims from this matter.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion for Dismissal is **GRANTED**. A separate Order will follow.

  December 14, 2010                                                /s/
      Date                                                    Alexander Williams, Jr.
                                                               United States District Judge